Filed 11/10/22  P. v. Lugo CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH LUGO,<br><br>    Defendant and Appellant. | H049501<br>(Santa Clara County<br>Super. Ct. No. 189590) |

### MEMORANDUM OPINION[1]

In 1997, defendant Joseph Lugo was convicted of attempted first degree burglary. (Pen. Code, §§ 664, 459, 460, subd. (a).)[2]  The jury also found that he had two strike prior convictions (§§ 667, subds. (b)-(i), 1170.12), two serious felony prior convictions (§ 667, subd. (a)), and four prison priors (§ 667.5, subd. (b)).  The trial court imposed a total term of 38 years to life.

In January 2020, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) sent a letter to the trial court recommending that it recall Lugo's sentence pursuant to former section 1170, subdivision (d).  The trial court declined to consider modifying or reducing Lugo's sentence on the ground that Senate

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)  The facts of the offense are immaterial to this appeal.

[2] Subsequent undesignated statutory references are to the Penal Code.

Bill No. 1393, which amended section 667, subdivision (a), applied only to cases not final on appeal when it went into effect on January 1, 2019. The trial court reasoned that Senate Bill No. 1393 was not intended to apply retroactively, and was therefore inapplicable to Lugo's case, which was final prior to its passage.

Lugo appeals from the trial court's denial on the grounds that the trial court abused its discretion under former section 1170, subdivision (d), by not recalling his sentence as recommended by the Secretary. Alternatively, Lugo contends that under the newly enacted section 1172.1,[3] the matter should be remanded to the trial court for a hearing in accordance with its mandates. The Attorney General concedes that we should reverse and remand for the trial court to consider the Secretary's recommendation, given the change in the law.

The Attorney General's concession is well-taken. Section 1172.1, which took effect this year, added several requirements to the recall and resentencing process, including notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (§ 1172.1, subds. (a)(6), (7), (8), & (b)(1).) Where, as here, the Secretary initiates a recall and resentencing request, section 1172.1 imposes "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) The new section further requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute. (§ 1172.1, subd. (a)(2).)

_____

[3] Newly enacted Assembly Bill No. 1540 (2021-2022 Reg. Sess.), which took effect on January 1, 2022, moved the recall and resentencing provision originally in section 1170, subdivision (d) to section 1170.03 and revised its terms. (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1.) After Lugo filed his opening brief, section 1170.03 was renumbered to section 1172.1, without change, effective June 30, 2022. (Assem. Bill No. 200, Stats. 2022, ch. 58, § 9.) For the sake of clarity, we refer to section 1172.1, the current section number, in addressing Lugo's appeal.

We agree with our colleagues in the Third District Court of Appeal who observed that the amendment of section 1170, subdivision (d)(1) "was intended to 'make clarifying changes' " to address appellate decisions that had incorrectly construed the Legislature's statutory intent.  Declining to decide whether the amended statute should apply retroactively under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the court nonetheless concluded "[w]hen a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation."  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1039, citing *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 253.)

Further, although the parties here dispute whether Lugo is entitled to retroactive application of section 1172.1 under *Estrada*, *supra*, 63 Cal.2d 740, they agree that remand in accordance with the new statute is appropriate for reasons of judicial economy. As the Attorney General rightly observes, whether this court determines there was error requiring remand under former section 1170, subdivision (d)(1), or the Secretary itself reinitiates its recall recommendation under the new statute, the trial court will be called upon to apply section 1172.1.  Under either circumstance, Lugo is entitled to a hearing pursuant to the new statute so that the trial court may consider the Secretary's recommendation to recall Lugo's sentence consistent with section 1172.1.  Remanding this matter for hearing at this juncture, rather than requiring the Secretary to reinitiate a recall recommendation, promotes judicial efficiency.

For these reasons, we will reverse the trial court's order declining to recall Lugo's sentence and remand for reconsideration pursuant to section 1172.1.

### DISPOSITION

The trial court's September 27, 2021, order declining to recall Lugo's sentence is reversed, and the matter is remanded for the trial court to reconsider the recommendation of the Secretary of the California Department of Corrections and Rehabilitation pursuant to section 1172.1.

_____

Greenwood, P. J.

WE CONCUR:


_____

Grover, J.


_____

Lie, J.


People v. Lugo

H049501